Good morning, Your Honor. Erica Rokish on behalf of Petitioner Jose Roberto Fernandez-Ruiz. I would like to reserve four minutes for rebuttal. First, I would like to address the question of jurisdiction and point out that it is clear that the courts retain jurisdiction under the Illegal Immigration Reform and Immigrant Responsibility Act to determine whether they have jurisdiction, which includes determining whether a particular offense constitutes a predicate offense under the jurisdiction stripping provisions of 8 U.S.C. 1227, which means in this case the court retains jurisdiction over this case to determine whether the Petitioner in this case was convicted of a predicate offense. Because the Petitioner — the evidence does not establish that the Petitioner was convicted of a predicate offense, the court retains jurisdiction over this appeal. Moving to the merits, whether — DR. SCHUNEMANN Before you move quite so quickly. ERICA ROKISH Excuse me? DR. SCHUNEMANN Before you move to the merits quite so quickly. ERICA ROKISH Yes. DR. SCHUNEMANN It appears to me he was convicted under Arizona section 1802A1, which looks as close to being our statement of a categorical offense as it could be, especially if you consider Arizona statute — Arizona cases. Why do you say that's not categorically a theft offense? ERICA ROKISH There's a few reasons. One is we believe from the record it's unclear, if you look at the record of conviction, if he was convicted under A1 or A5. Because the record of conviction — DR. SCHUNEMANN It's only unclear if you read the wrong statute. The statute he was convicted of, there's no lack of clarity whatsoever. ERICA ROKISH Well — DR. SCHUNEMANN He was convicted in 1992. ERICA ROKISH Yes. DR. SCHUNEMANN By the way the statute read in 1992, A1 is the only thing he was convicted under. ERICA ROKISH Well, even taking that — DR. SCHUNEMANN Well, let's take that. ERICA ROKISH Okay. DR. SCHUNEMANN You say that's not categorical. ERICA ROKISH Well, we believe for two reasons it's not categorical. And I agree that it's a close call. I don't think it's very close. So don't agree with me that it's a close call. Tell me why A1 is not categorically a theft offense. ERICA ROKISH For two reasons. Because I think that the Arizona statute, A1, is broader than the definition of a theft offense for two reasons. One, because lack of consent is an essential element of a theft offense. And that lack of consent element is really, if you read closely, not present in A1. Although it requires that the perpetrator act without legal authority, that does not necessarily equate to lack of consent. And the second reason is that a theft offense, the generic definition, requires criminal intent. A1 only requires the intent to deprive. And I would argue that that is a lower standard than a criminal intent. DR. SCHUNEMANN Okay. Fine. ERICA ROKISH Furthermore, is that in order to qualify as an aggravated felony, the Petitioner has to be convicted of a crime with a term of imprisonment for at least one year. And I submit that that did not happen in this case. Although the Petitioner was... DR. SCHUNEMANN On his probation revocations, he was given probably a year and 60 days, maybe only a year. ERICA ROKISH Yes, he was. Eventually given a year in prison. But... DR. SCHUNEMANN Maybe a year and 60 days. ERICA ROKISH Maybe a year and 60 days, all told. But at the time, the law under Corona Santa says that you can only look at the actual time of imprisonment if the crime under which the individual was convicted has a maximum term of imprisonment of more than one year. In this case, at the time that he was sentenced to a year in prison, the crime was determined to be a misdemeanor. Under Arizona law, the maximum time for a misdemeanor is six months. So therefore, you don't get to the actual term of imprisonment because it's more of a recidivism penalty. But because he was convicted of a misdemeanor and the maximum time is six months, you don't get to the access penalty of a year. And the previous terms he had been sentenced were not a year. DR. SCHUNEMANN His conviction was in 92 for his 91 offense. That's his conviction. And for that conviction, he had to serve a year, maybe a year and 60 days. The court may have later designated that as a misdemeanor, but the point is he had to serve a year and 90 days for that conviction. Did he not? Well, actually, when he was convicted in 92, he served much less than a year. He only served 60 days. He's only convicted. He wasn't convicted three times. He was convicted once in 92 of an offense. Okay. Well, I understand your point if you want to argue the merits. Mr. Chico. Well, why do we say 92? I'm just looking at the government's brief. It says July 91 he was convicted. April 94 he was convicted. Where do we – this is page 3 of the government's brief. Where do we get 92? He was originally convicted in 92, Your Honor. He was – and he was sentenced to 60 days.  He then was resentenced for a probation violation. This is not your brief, but I'm reading the government. On July 22, 1991, he was convicted of the offense of endangerment and violation of Arizona. Is that wrong? That's a different – that's a – actually, a completely different conviction, which isn't at issue, I believe, in this case. Oh, and then the next one they mentioned was April 26, 1994. He was convicted of theft. Is that wrong? Yes, and that's the one that we were just discussing, was that theft. So it's not 92. It's 94, according to the government. In 94, he was resentenced for the 92 conviction for a probation violation. Well, the government says he was convicted, so that has got it wrong. I would argue that that's correct, Your Honor. Okay. If Your Honor has – have no further questions right now, I'd like to reserve the rest of my time for rebuttal. Thank you. Thank you, Your Honor. Thank you. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. My name is Debbie Messier, and I represent the Attorney General. Your Honors, this is a case involving the Court's jurisdiction to review a final order of removal predicated on Mr. Fernandez-Ruiz's multiple convictions for aggravated   moral turpitude. Because the record shows that Mr. Fernandez-Ruiz's conviction in 1992 in violation of Arizona Revived Statute 1380 – 1802A1 and C, the theft by control of property was a theft offense as defined by this Court, and therefore an aggravated felony, this Court lacks jurisdiction to review the final order of removal. In addition, the record – yes, Your Honor. There was a typo in your brief. Is that right? Actually, Your Honor, it wasn't my brief. It was our office's brief, and it was a typo. Could you either step back a little from the mic? Sure. It's blasting. Okay, Your Honor. Just correct 94 to 92, right? Yes. The conviction occurred in 1992. He was given two – he was initially given a probation. He violated the terms of his probation. He was sentenced then to 60 days. He then violated the terms of that – that deal, and at that point he was given the year term of imprisonment. In order to be an aggravated felony, there has to be a sentence of a year or more, is that it? That's correct, Your Honor. And was this classified by Arizona as a misdemeanor? Your Honor, it's actually an open-ended offense, meaning it could be classified as either a misdemeanor or felony at the time of sentencing. My understanding is that when he violated his probation for the second time, the judge classified it as a misdemeanor and sentenced him to a year. Can you sentence people to a year for a misdemeanor in Arizona? Apparently that's what happened in this case. I'm not familiar with what opposing counsel was referring to, the provision. She said that there was a provision that says you can't, but in this case, he clearly was sentenced to a year. Your Honor, can you repeat what you said in relation to the circumstantial issue? Because in addition, apart from the theft offense, because the record shows that Mr. Fernandez Ruiz's 2002 and 2003 convictions in violation of the domestic violence and assault statute against his living companion and mother of his child were two crimes involving more – Yes, Your Honor. Is the question whether the sentence was for a year or whether he served a year? The question under the law of this circuit is whether he was sentenced to a year. It's irrelevant what amount of time he served. Turning again to the crime involving moral turpitude, that's an independent basis to In addition, finally, because these two convictions for crimes of domestic violence were crimes of violence, that's a third basis to deprive this court of jurisdiction. Crimes of violence are also aggravated felonies and would bar review of the petition for review. Your Honor, turning to the first issue on the question of whether his conviction of theft by control of property in Arizona, apparently, looking at the record, that he had entered an auto part dealership and obtained or taken, if you will, various parts from that auto dealership. The question is whether his conviction is a theft offense under the law of this court. And we submit that under the straight categorical approach outlined in Taylor, it is because the language of the statute neatly and precisely tracks the language required for a theft offense. This court asked the question in one of the pre-briefing orders whether it's a theft offense under Huerta Guevara. And there, the issue was different than the issue that presents in this case. There, the conviction documents did not indicate which subsection the alien had been convicted under, that particular Arizona statute. Here, the conviction documents do indicate the subsection. There, the court was concerned that it might the alien's crime might have involved aiding and abetting or the theft of services. Here, it's clear that aiding and abetting was not at issue. In fact, in that case, the alien had borrowed her employer's car and planned to return it. And that's quite different than the crime that was committed in this case. I just want to quickly address the second major issue in this case, we believe, which is whether the two convictions for domestic violence against the mother of his child are two crimes involving moral turpitude, which would also deprive this court of jurisdiction. He argues that the fact that his girlfriend and mother and the mother of his child were not corporally injured or traumatically injured means that it wasn't a crime involving moral turpitude. And we would submit that that's not the main point. And this Court has recognized that's not the main point. The main point is that the relationship between spouses or people who stand in position to each other like spouses is one of trust and dependency. And here I'm referring to the Court's language in Gregata. And it's for that reason that violence between two individuals situated in that fashion is quite different than violence between two strangers. Spousal or abuse of one's companion, living companion, is an act of baseness and depravity. That is contrary to American ethics, again, citing the language of Gregata. And for that reason, it was debased and vile for him to do that, and it was a crime of moral turpitude. Finally, we believe that this Court lacks jurisdiction because the statutes under which he was convicted, again, the statutes for beating his companion, are crimes of violence as defined in 18 U.S.C. Section 16A. And here I'd ask the Court to take a look at the cases of Corona Sanchez and Reyes Alcaraz. There the Court said that an offense that has an element of the use, attempted use, or threatened use of physical force against a person or property of another is a crime of violence. And the definition of the statute under which he was convicted prohibits knowingly touching another person with the intent to injure, insult, or provoke such person. But the point is, it prohibits the knowing touching of the individual. So he was convicted under that statute, and that, again, meshes with this Court's definition of a crime of violence. Before I conclude, Your Honors, I want to quickly address opposing counsel's points on the intent level, on the theft offense. I see I have a little time left. She argues that, number one, the lack of consent is essential to a theft offense. Lack of consent is inherent in the statute under which he was convicted in Arizona. There's he wasn't convicted he was convicted of taking auto parts out of an auto dealership, and he was convicted under language where it's essential that he has an intent to deprive the person of that property. Her point, attempting to draw a distinction between intent to deprive versus criminal intent, we believe is misplaced. Intent to it's all intent if the individual is being convicted under a criminal statute. The intent is the same, whether it be worded intent to deprive or merely intent is irrelevant. But if he's being convicted under a criminal statute, surely his intent to deprive is inherently criminal. In conclusion, Your Honors, we would ask this Court to conclude that it lacks jurisdiction to review the petition for review for three reasons. First, because Mr. Fernandez-Ruiz was convicted of a theft offense, an aggravated felony, and it's clear he was under the straight Taylor categorical approach. Second, he was convicted of two crimes involving moral turpitude for abusing his living companion. And third, he was convicted of a crime of violence, again, for those convictions for spousal abuse. Thank you, Your Honors. If there are no further questions. Thank you. Thank you. Thank you, Your Honors. Just to respond to a few points made by opposing counsel. But the theft offense. Yes. Assume that if he was sentenced to a year, it is an aggravated felony. Okay. What is your response to the fact that he was sentenced to a year when the probation was revoked? Well, under Corona-Sanchez, the law is that if an alien is convicted of an offense that has a maximum of sentence of less than one year, but is sentenced to more than one year due to a sentence enhancement, the offense doesn't satisfy the one-year requirement. And here, that's exactly what happened. He was sentenced to a misdemeanor, which under ARS 13707, the maximum penalty for a misdemeanor is six months. So his 12-year sentence was in the nature of a sentence enhancement, which cannot be used under Ninth Circuit law and under Corona-Sanchez to determine whether the maximum sentence is a year. I realize it becomes a little convoluted, but that's what I'll say. How can there be a sentence enhancement? Because it was for a probation violation. It wasn't for the actual crime. And can the length of sentence for a probation violation be longer than the sentence for the crime itself? Well, the Court in this case, the trial court, decided that it could be. But under the Ninth Circuit, if that happens, and that's what happened in Corona-Sanchez, if under a sentence enhancement, that can be the case, that the actual sentence imposed is more than the maximum sentence for the crime. And the Court made very clear in Mr. Fernandez-Ruiz's case that at the time that he was sentenced to the year imprisonment that the Court was designating the offense as a misdemeanor. Now, the Court didn't have to do that, but the Court did that. And under Arizona law, a misdemeanor has a maximum penalty of six months. So if that's the case, the Court can't look to the sentence actually imposed to determine whether the year requirement is met. They must look at the maximum sentence under the misdemeanor statute, which is six months. And just to respond quickly to opposing counsel's arguments regarding the crimes of moral turpitude, a crime of moral turpitude, although nebulous, is a high standard. And the Arizona statutes that Petitioner was convicted under in this case are much broader than a crime of moral turpitude. The opposing counsel made the statement that Petitioner was convicted of beating his cohabitant, which is just simply not clear from the Arizona statutes, which are quite broad and only require that somebody, that the person convicted knowingly touch a domestic relation with intent to insult or provoke. That is not the same as causing corporal injury, which is the standard required under Ninth Circuit law and under Gregata to find a crime of moral turpitude. I see that I'm out of time, so unless Your Honors have any questions, I'll sit down. Thank you, counsel. Thank you, Your Honor. The case is submitted. Final case for argument.
judges: Reinhardt, Noonan, Fernandez